UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD J. TAYLOR,

    Plaintiff,                                             Civil Action No. 17-CV-11824

vs.                                                       HON. BERNARD A. FRIEDMAN

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## OPINION AND ORDER DENYING
## DEFENDANT'S MOTION TO ALTER JUDGMENT

This matter is presently before the Court on defendant's motion [docket entry 22] to alter the Court's judgment granting plaintiff's motion for summary judgment, denying defendant's motion for summary judgment, and remanding for further proceedings. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

This Court has stated the standards governing a Rule 59(e) motion to alter or amend a judgment as follows:

> Fed. R. Civ. P. 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. American International Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). The "purpose of Rule 59(e) is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988)). "A district court, generally speaking, has considerable discretion in deciding whether to grant either type of motion." *Leisure Caviar, LLC v. U.S. Fish and Wildlife Service*, 616 F.3d 612, 615 (6th Cir. 2010).

*Elite Int'l Enter., Inc. v. Patton Wallcoverings, Inc.*, 2016 WL 8253804, at *1 (E.D. Mich. Nov. 3, 2016).

Defendant's motion is denied because defendant has not shown any substantive error in the Court's prior ruling. The ALJ's decision is not supported by substantial evidence for the reasons explained in detail in the Court's opinion. Defendant objects to the Court's directive that the ALJ consider Dr. Garlinghouse's psychological evaluation, which the Appeals Council admitted at the same time it denied plaintiff's request for review. As to this report only, the order of remand is made pursuant to sentence six of 42 U.S.C. § 405(g) (new and material evidence). Otherwise, the Court stands by its opinion and order remanding the matter for further proceedings pursuant to sentence four of § 405(g).

SO ORDERED.


Dated: April 2, 2018　　　　　　　　　　s/Bernard A. Friedman
Detroit, Michigan　　　　　　　　　　　BERNARD A. FRIEDMAN
　　　　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE


**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 2, 2018.

　　　　　　　　　　　　　　　　　　　s/Johnetta M. Curry-Williams
　　　　　　　　　　　　　　　　　　　Case Manager